UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES V. MONACELLI, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 14-199S |
| | : | |
| A.T. WALL, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

Plaintiff James V. Monacelli has sued Rhode Island Department of Corrections ("RIDOC"), its Director and Assistant Director, three supervising officers and four correctional officers. Styled as a "Letter of Complaint," his pleading describes a series of incidents that occurred while he was incarcerated at the Adult Correctional Institutions ("ACI") beginning in February, 2012.[1] No longer a prisoner, and unwilling to pay the $400 filing fee, Plaintiff has filed an Application to Proceed without Prepayment of Fees and Affidavit, seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1). His IFP motion has been referred to me. In light of my conclusion that his IFP motion should be denied without prejudice, I address the motion by report and recommendation. Janneh v. Johnson & Wales Univ., No. 11-352 ML, 2011 WL 4597510, at *1 (D.R.I. Sept. 12, 2011) (denial of a motion to proceed *in forma pauperis* is functional equivalent of an involuntary dismissal and magistrate judge should issue report and recommendation for final decision by district court).

---

[1] Based on his change of address filings in this Court in another case, it would appear that he was briefly incarcerated from February 24, 2012, until his release some time prior to May 22, 2012. This case would appear to focus on the events that occurred at the ACI during that incarceration.

Section 1915 permits persons otherwise unable to access the courts to proceed without paying costs such as the filing fee, which instead are defrayed at public expense. 28 U.S.C. § 1915(a)(1). While "[i]nability to pay" is a nettlesome concept, this Court must "hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). While a plaintiff may not be required to pay "the last dollar they have or can get, and thus make themselves and their dependents wholly destitute," Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), "a plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so." In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam). In making the determination whether a litigant is unable to pay, this Court must take into account the applicant's income, including the amount and applicable period, and his monthly expenses for housing, transportation, utilities and loans. See Choquette v. Astrue, CA 08-384ML, 2008 WL 4616706 (D.R.I. Oct. 16, 2008) (detailed affidavit outlining Plaintiff's income and monthly expenses). Plaintiff's Application supplies none of this information, except for the monthly payment he makes on a car loan. Accordingly, I recommend that his Application be denied without prejudice to his filing a new Application, supplemented by complete information regarding his income, expenses and assets, so that a better assessment of his ability to pay can be made.

With his IFP motion denied, the preliminary screening provided for in § 1915[2] is not necessary, though it remains permissible. See Chiras v. Unibank, No. 11-40201-FDS, 2011 WL 6370033, at *1-2 (D. Mass. Dec. 16, 2011) (whether plaintiff may avoid IFP preliminary

---

[2] 28 U.S.C. § 1915(e)(2) states in pertinent part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

2

screening by paying filing fee moot when court already determined complaint failed to state a claim); D'Amario v. Roy, No. 08-24ML, 2008 WL 3200699, at *1 (D.R.I. Aug. 5, 2008) (even if plaintiff pays filing fee, dismissal at screening still appropriate). Even if § 1915 is considered inapplicable once IFP status is denied, this Court retains the inherent authority to manage its cases. See Batavitchene v. O'Malley, No. 13-10729-GAO, 2013 WL 1682376, at *2 (D. Mass. Apr. 16, 2013) (while no preliminary screening is authorized when plaintiff has paid filing fee and is not proceeding *in forma pauperis*, court retains inherent authority to manage its cases and review a case to determine whether or not it is frivolous). Accordingly, I observe that the Letter of Complaint, as currently crafted, does not appear to state a viable claim as to several of the incidents alleged and several of the named defendants. In addition, it fails to comport with Fed. R. Civ. P. 10 in that it lacks a caption and separately-numbered paragraphs setting out the claims and fails to comport with Fed. R. Civ. P. 8(a) in that it fails to allege diversity[3] or to state the federal statute or constitutional provision under which Plaintiff is proceeding so as to give rise to federal jurisdiction, as required by Fed. R. Civ. P. 8(a)(1); it also fails to make a demand for the relief sought as required by Fed. R. Civ. P. 8(a)(3).

**Background**

A short exposition of Plaintiff's history as a litigant in this Court is useful background to the facts set out in his Letter of Complaint. Plaintiff has brought three civil actions in this Court, including this one. The first was filed *pro se* in July 2009 while Plaintiff was incarcerated. Monacelli v. Potters, C.A. No. 09-330S. Initially, his motion to proceed *in forma pauperis* was granted, but after he was released, this Court ordered him to make partial payment of the filing fee. The 2009 Complaint was grounded on various provisions of federal law and the United

---

[3] From what can be divined from the Letter of Complaint, it would appear that diversity jurisdiction is not available as Plaintiff and all Defendants appear to be citizens of Rhode Island. 28 U.S.C. § 1332.

States Constitution, arising from alleged police brutality during his arrest on June 10, 2008. This Complaint was dismissed with prejudice on February 24, 2011.

Plaintiff's next *pro se* Complaint, filed on August 1, 2011, while Plaintiff was not incarcerated, was accompanied by a motion to proceed *in forma pauperis*, which was granted on August 9, 2011. Monacelli v. Wall, C.A. No. 11-337S. By March 5, 2012, Plaintiff was again an inmate at the ACI, based on his change of address filing. On May 22, 2012, he filed another change of address notice indicating that he had been released.

Styled with a caption and laid out in numbered paragraphs that clearly identified each named defendant and the relevant statutes and constitutional provisions, the 2011 Complaint focused on Plaintiff's treatment while incarcerated after he brought to the attention of the Deputy Warden a physical confrontation between another inmate and a correctional officer. On Defendants' Motion to Dismiss, this Court found the 2011 Complaint deficient, except for the claim against Lieutenant Paquette in his individual capacity based on the allegation that he had informed other inmates that Plaintiff was an informant. Even that claim was found to be insufficient to provide fair notice; Plaintiff was ordered to file an Amended Complaint. Plaintiff complied, but this Court found that the Amended Complaint suffered from the same deficiencies and the case was dismissed *in toto*, except that the Court carved out any claims that "Plaintiff may have . . . against any defendant based on 'events occurring during his return to the Rhode Island Dept. of Corrections, as recently as February 24th of [2012],'" as to which the Court ruled that Plaintiff would be "required to commence a new action." Monacelli v. Wall, No. CA 11-337 S, 2012 WL 4482350, at *3 (D.R.I. Aug. 21, 2012), adopted by, Monacelli v. Wall, No. CA 11-337 S, 2012 WL 4482400 (D.R.I. Sept. 26, 2012). The Letter of Complaint apparently

constitutes the "new action," in that it focuses on a series of events that occurred after Plaintiff was recommitted to the RIDOC on or about February 24, 2012.

The allegations in the Letter of Complaint appear to fall into three buckets.

First, Plaintiff complains of trouble with mail, telephone and law library schedules during his first week at the ACI Intake Center, including a comment by Lieutenant Paquette, using foul language, to the effect that Plaintiff should get nothing. ECF No. 1 at 1. As described in his Letter of Complaint, the situation was quickly resolved once prison officials affirmed that Plaintiff had a case pending. The Letter of Complaint describes that he was "surprised and satisfied" with how this circumstance was handled. Id. at 3.

Second, the Letter of Complaint makes allegations about Plaintiff's commitment to the segregation unit as a result of his participation in the altercation that is the centerpiece of his claim. Id. at 7. While in segregation for an unknown amount of time, his telephone access to his attorney, contact with family and other things were restricted. However, his Letter of Complaint supplies no information regarding how long he was in segregation or how these restrictions affected him and his pending litigation. Plaintiff also claims that he was given a piece of clothing contaminated with lice while in segregation.

Plaintiff's third claim is more troubling but also is insufficient in various respects. It appears to allege that an unnamed prisoner influenced another prisoner to draw Plaintiff into a violent fight. In his Letter of Complaint, Plaintiff claims that this incident was the product of a conspiracy among several named defendants and others, including Lieutenant Paquette and the four named correctional officers (Correctional Officers Peters, Grant, Delgado and Corey). His Letter of Complaint seems to ground this allegation in speculation that the events could not have occurred without facilitation by prison officials. Of the named defendants, only Correctional

5

Officers Corey,[4] Peters[5] and Delgado[6] are linked to the incident, and Correctional Officer Delgado is not described as doing anything inappropriate.

**Analysis**

Plaintiff's claims against the RIDOC are barred by sovereign immunity. See Poirier v. Mass. Dep't of Corr., 558 F.3d 92, 97 (1st Cir. 2009) (affirming dismissal of § 1983 suit brought against department of corrections because "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought'") (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) (state agency may not be sued for damages in a § 1983 action). Similarly, to the extent that the Letter of Complaint seeks money damages from any of the named defendants based on acts or omissions in their official capacities, it fails to state a claim upon which relief can be granted. See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.") (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); Johnson, 943 F.2d at 108 (1st Cir. 1991) ("It is settled beyond peradventure . . . that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action.") (citing Will, 491 U.S. at 71). I recommend that both the claims against RIDOC and all claims for damages against the defendants in their official capacities be dismissed.

The Letter of Complaint's purported claims against RIDOC Director A.T. Wall and Assistant Director McCauley are also utterly lacking in substance. Both are named only in the

---

[4] Correctional Officer Corey is alleged to have opened the cell door of the aggressor at the same time that Plaintiff's cell door was open to facilitate the fight.

[5] Correctional Officer Peters is alleged to have applied excessively-tight handcuffs after the fight was over.

[6] Correctional Officer Delgado is alleged to have attempted to intervene to stop the fight and hurt himself in the process.

caption of the Letter of Complaint; there are no substantive allegations against either of them. Accordingly, the Letter of Complaint fails to state a claim against both, and both should be dismissed from the action. Similarly, the conduct ascribed in the Letter of Complaint to Captain Barney and Lieutenant Violante is positive as to the former and at worst neutral as to the latter. Both are described as addressing Plaintiff's grievances regarding access to mail, telephone and the law library, resulting in the directive that Plaintiff be permitted the law library time that he was seeking. The claim against Lieutenant Paquette arising from this incident – that he used foul language and said Plaintiff should get nothing – does not rise to the level of seriousness that conceivably states a claim because, despite his comment, the situation was promptly rectified. Accordingly, the Letter of Complaint fails conceivably to state a claim against any of them arising from this incident. I recommend that Captain Barney and Lieutenant Violante also be dismissed from the case and that all claims based on denial of access to mail, telephone and the law library while Plaintiff was in the ACI Intake Center be dismissed for failure to state a claim.

The claims based on limitations imposed while Plaintiff was in segregation are also flawed. His Letter of Complaint supplies no information regarding how long he was in segregation or how these restrictions affected his rights so that it is impossible for the Court or Defendants to ascertain whether these restrictions were rational in light of legitimate penological interests. See, e.g., Overton v. Bazzetta, 539 U.S. 126, 129, 132 (2003) (courts must afford substantial deference to professional judgment of prison administrators, who bear a significant responsibility for defining legitimate goals of a corrections system; access to family may be restricted based on considerations of institutional administration, security and rehabilitation); Lewis v. Casey, 518 U.S. 343, 348, 351-52 (1996) (for claim of denial of access to attorney or law library to be actionable, plaintiff must assert actual injury); Sandin v. Conner, 515 U.S. 472,

7

485-86 (1995) (disciplinary segregation, without more, does not give rise to due process claim); Fisher v. Dep't of Corr., No. 92 Civ. 6037 (LAP), 1995 WL 608379, at *7 (S.D.N.Y. Oct. 16, 1995) (constitution does not require that prisoners are allowed to call counsel whenever or as frequently as they wish). Similarly, the allegation of exposure to lice while in segregation sounds like the kind of isolated incident that does not rise to the level of a cause of action. Ruiz-Rosa v. Rullan, 485 F.3d 150, 154 (1st Cir. 2007) (for medical treatment to constitute deliberate indifference, decision must be seen as made recklessly with actual knowledge of impending harm); Nabatanzi v. N.H. Dep't of Corr., No. CIV. 99-180-M, 2000 WL 1745088, at *3 (D.N.H. Oct. 17, 2000) (claim of deliberate indifference based on lice treatment rejected; constitution "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation") (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). I recommend that all claims based on restrictions imposed while in segregation be dismissed for failure to state a claim.

The claim of conspiracy to induce an inmate to provoke a conflict seems to state a claim as to two of the correctional officers (Correctional Officers Peters and Corey). Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (claim viable under Eighth Amendment if prison officials use force to maliciously and sadistically hurt prisoner). With no concrete allegations linking Lieutenant Paquette or Correctional Officer Delgado to any misconduct in connection with the alleged attack on Plaintiff, all claims against them should be dismissed for failure to state a claim.

In addition to its substantive deficiencies, the Letter of Complaint lacks several of the basic indicia of a complaint and to that extent fails to comport with Fed. R. Civ. P. 8(a) and 10.

8

Rule 10 requires that a complaint must have both a caption and separately-numbered paragraphs setting out the claims, each paragraph limited to a single set of circumstances. Fed. R. Civ. P. 10(a-b). The Letter of Complaint lacks both. Contrary to Fed. R. Civ. P. 8, the Letter of Complaint does not mention any federal statute or constitutional provision under which Plaintiff is proceeding so as to give rise to federal jurisdiction, as required by Fed. R. Civ. P. 8(a)(1). The Court can speculate that Plaintiff intends to state a claim under 42 U.S.C. § 1983, as he has in the past. So far, however, he has not said so. Further, this Court could assume that Plaintiff wants money damages; however, in its present state, his Letter of Complaint fails to make a demand for the relief sought as required by Fed. R. Civ. P. 8(a)(3). I recommend that Plaintiff be directed to file an Amended Complaint within thirty days of the adoption of this report and recommendation that conforms to Fed. R. Civ. P. 8(a) and 10(a-b).

### **Conclusion**

Based on the foregoing, I recommend that Plaintiff's request to proceed *in forma pauperis* be denied without prejudice to his refiling the Application with all of the information pertaining to all of his income and expenses, as described in the requisite form, from which this Court can make a determination regarding whether he is eligible to proceed without prepayment of fees or whether he is able to pay some or all of the costs of these proceedings. I further recommend that this Court dismiss all claims against Defendants Rhode Island Department of Corrections, A.T. Wall, Assistant Director McCauley, Captain Barney, Lieutenant Violante, Lieutenant Paquette and Correctional Officer Delgado, and against all defendants to the extent that they are sued in their official capacities; all claims based on access to mail, telephone and the law library while at the ACI Intake Center; and all claims based on restrictions imposed while in segregation. I further recommend that this Court order Plaintiff to file an Amended

Complaint within thirty days of this Court's adoption of the report and recommendation, which addresses the deficits discussed in this report and recommendation. Plaintiff's Amended Complaint must comply with Fed R. Civ. P. 8(a) and 10(a-b). In addition; in his Amended Complaint, Plaintiff may restate any of his claims (to the extent that he can allege sufficient facts for a viable claim), either against the Defendants or based on the incidents as to which I have recommended dismissal. If Plaintiff fails to do so I recommend that this action be dismissed with prejudice.

Any objection to this report and recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its service. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 5, 2014